**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENDALL PLAIN**

**VERSUS**

**ALLIED TRUST INSURANCE COPMANY**

**CIVIL ACTION**

**No. 26-319-JWD-SDJ**

---

### ORDER

Before the Court is a Motion to Stay Discovery (R. Doc. 25) pending the outcome of the Motion to Remand and Motion to Dismiss filed by Defendant. Defendant Allied Trust Insurance Company ("Allied Trust") respectfully requests that this Court stay all proceedings in this matter pending the outcome of the Motion to Remand (R. Doc. 10) filed by Plaintiff on March 29, 2026; and the Motion to Dismiss or Alternative Motion for Summary Judgment (R. Doc. 15) filed by Allied Trust on April 16, 2026. Plaintiff filed an Opposition to Defendant's Motion to Stay (R. Doc. 31) on June 1, 2026.

### I.    Law and Analysis

No federal or local rule, statute, or binding case law applicable in this case automatically stays discovery pending a ruling on a dispositive motion.[1] Indeed, "if the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect".[2] A stay of discovery in light of a pending dispositive motion is the

---

[1] *See, e.g. Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.")).

[2] *X Corp. v. Media Matters for Am.*, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).

exception rather than the rule.[3] It is an "extraordinary step" and should not be granted merely because a defendant believes it will prevail on a dispositive motion.[4] While some courts may take the strength of a dispositive motion into account when determining whether to stay discovery, this is only a cursory review of the dispositive motion to assess whether the arguments are so substantial to render discovery futile.[5]

As a matter of federal procedure, a request to stay discovery must be considered a motion for protective order under Fed. R. Civ. P. 26(c)(1).[6] And so, courts should exercise discretion to stay discovery only for good cause, to protect from annoyance, embarrassment, oppression, or undue burden or expense.[7] The burden is on the party seeking a stay to show its necessity with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements".[8] This demonstration must necessarily allege facts beyond the ordinary costs of litigation.[9] Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.[10]

---

[3] *Notariano v. Tangipahoa Par. Sch. Bd.*, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).

[4] *Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Glazer's*, 2008 WL 2930482).

[5] *X Corp.*, 2024 WL 1895255, at *2.

[6] *Great Lakes*, 2021 WL 7708048, at *10 (citing *Landry v. Air Line Pilots Assoc. Int'l ALF-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)).

[7] Fed. R. Civ. P. 26(c)(1); *X Corp.*, 2024 WL 1895255, at *1 (quoting *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)).

[8] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

[9] To argue otherwise would be to say that all litigation costs constitute an "undue burden" under the Federal Rules.

[10] *See, e.g., Great Lakes*, 2021 WL 7708048 at *10 ("[Defendant's] pending dispositive motion does not render discovery premature."); *Valenzuela*, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Ashford Inc. v. United Here.*, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.) (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to stay

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

Here, the Court will not grant the Motion to Stay pending the outcome of the dispositive Motion to Dismiss. However, the Court finds that the interests of judicial economy will be served by staying this matter until it can be determined whether this Court has jurisdiction over this litigation, pending the outcome of the Motion to Remand.

The purpose of the Rule 26(f) conference and the subsequent proceedings is to allow the parties to begin the initial disclosure and discovery processes. However, here, Plaintiff has challenged this Court's jurisdiction. If the Motion to Remand is granted, it would be a waste of the resources of this Court to devote time and resources to the scheduling conference. In addition, it would be a waste of the parties' time and resources to comply with the requirements of Rule 26(f) and file a status report, as set forth in Doc. 12, if the matter may be remanded in which case the

---

discovery for pending Rule 12(b)(6) motion where movants did not show that discovery would be oppressive, unduly burdensome, or expensive).

parties will have to comply with other and perhaps conflicting requirements in another venue. Additionally, by staying all proceedings pending resolution of these motions, there is no potential prejudice to Plaintiff. If this Court denies the Motion to Remand, the Court can then reset the deadlines for the scheduling conference, joint status report, and Rule 26(f) conference.

## II.    Conclusion

Based on the foregoing, the Court concludes that a temporary stay of this case is warranted in light of Plaintiffs' pending Motion for Remand.  Therefore,

**IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 25) pending the outcome of the Motion to Remand is **GRANTED**.  All pretrial deadlines in this proceeding are hereby stayed pending a Ruling on the pending Motion for Remand (R. Doc. 25).

**IT IS FURTHER ORDERED** that, if the pending Motion for Remand (R. Doc. 25) is denied, the parties are authorized to re-commence discovery without any further Order from the Court and are instructed to contact the Court with available dates for setting a Scheduling Conference **within seven (7) days** of the denial being issued.

Signed in Baton Rouge, Louisiana, on June 25, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**